**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.  3:15-CV-862-GNS**

JOAN D. DEJESUS,                                                                                            **Plaintiff,**

v.

HUMANA INSURANCE COMPANY,                                                           **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion to sever claims[1] (DN 8) filed by Defendant

Humana Insurance Company ("Humana").  Plaintiffs Joan D. DeJesus ("DeJesus") and Ericka N.

Peacock ("Peacock") (collectively, "Plaintiffs") filed a response in opposition and Humana filed

a reply.  (DN 12, 13.)  The motion is now ripe for review.  For the following reasons, the motion

to sever claims (DN 8) is **denied**.

**Background**

Plaintiffs are both former employees of Humana.  Their claims against Humana relate to

their terminations from employment.  Specifically, both Plaintiffs make a claim of sex/pregnancy

discrimination under KRS 344.040 (Count I).  (DN 1-1.)  DeJesus also asserts claims of

disability discrimination pursuant to KRS 344.040 (Count II), retaliation for seeking leave

pursuant to the Family Medical Leave Act ("FMLA") (Count III), and violations of the FMLA

(Count IV).  (*Id.*)  Peacock also asserts a claim of common law intentional infliction of emotional

distress (Count V).  (*Id.*)

---

[1]      This case has been referred to the undersigned Magistrate Judge for, among other things, disposition of all
non-dispositive matters, including discovery issues.  (DN 6 at 1.)  A motion to sever claims is non-dispositive and,
therefore, it is within the Magistrate Judge's authority to issue a decision on Humana's motion.  *See United States v.
Adams*, 2009 U.S. Dist. LEXIS 110429, *2-3 n.1 (E.D. Ky. Nov. 29, 2009) ("A motion to sever is a non-dispositive
motion subject to a clearly erroneous standard of review.") (citing *United States v. Bruck*, 152 F.3d 40, 43 (1st Cir.
1998)).

### 1.  Plaintiff DeJesus's Allegations

DeJesus alleges that she was employed by Humana as a claims specialist for approximately eight years.  (DN 1-1 at ¶11.)  She alleges that she became pregnant in February 2014 and that she was considered high-risk for certain medical reasons.  (*Id.* at ¶13.)  DeJesus alleges that she informed her supervisor, Veronica Jordan ("Jordan"), of her pregnancy and her intention to take six to eight weeks of maternity leave, and that subsequently, she "experienced harassment, discrimination, and retaliation[.]"  (*Id.* at ¶¶14-15.)  She further alleges that starting in February 2014, she took occasional time off pursuant to the FMLA.  (*Id.* at ¶¶16-17.)  DeJesus claims that Jordan was the "main source" of the alleged harassment and would "single out [DeJesus] based on her medical conditions, micro-manage [her] work, and repeatedly insist[] that [DeJesus] not work from home despite doctor orders to the contrary."  (*Id.* at ¶19.)  DeJesus asserts that she reported the alleged harassment to her manager, Stephanie Shoulders ("Shoulders"), on or about June 2, 2014, but that Shoulders did not respond for approximately one week and that it is unclear whether she took any further action.  (*Id.* at ¶20.)

DeJesus alleges that on or about June 20, 2014, she had to be hospitalized due to high blood pressure, which she attributes to the stress she was placed under as a result of Jordan's harassment.  (*Id.* at ¶21.)  She further alleges that she made two additional reports as to "her situation and the harassment she faced."  (*Id.* at ¶22.)  DeJesus also alleges that Humana initiated an investigation into her FMLA leave and retroactively modified her previously approved FMLA leave to be designated as unexcused absences.  (*Id.* at ¶23.)  She goes on to allege that in July 2014, upon the advice of her doctors, she requested work accommodations and further requested that she be permitted to work from home, but that Humana refused to alter her job

responsibilities. (*Id.* at ¶¶24-25.) However, she alleges, Humana did permit her to work from home. (*Id.* at ¶25.) DeJesus further alleges that Humana put enormous pressure on her to avoid making additional requests for accommodations and required her to work in the office in August 2014. (*Id.* at ¶26.) DeJesus gave birth to a son on October 7, 2014 and was on maternity leave until December 1, 2014. (*Id.* at ¶¶34, 36.) She alleges that she was terminated by phone on January 16, 2015; she received a termination letter on or about February 13, 2015, though it was dated January 16, 2015. (*Id.* at ¶¶46-47.) DeJesus makes rather detailed allegations regarding the impact of her department beginning to process "Humana One" claims, with which she had no previous experience, and related to which Humana made certain changes as to the performance expectations for her department. (*See id.* at ¶¶27-45.) DeJesus alleges that Humana manipulated or failed to notify her of certain expected claims processing rates for employees in her position and then misrepresented her actual processing rates as a pretext for terminating her. (*See id.* at ¶¶27-45.) She alleges that Humana's true "aim was to find a way to not pay and/or give [her] various benefits she was entitled to as a result of her pregnancy and disability." (*Id.* at ¶44.)

### 2.  Plaintiff Peacock's Allegations

Peacock alleges that she was employed by Humana as a claims specialist for approximately eight years. (*Id.* at ¶51.) She alleges that toward the end of her employment, she began to suffer discrimination by Humana, and that she complained about the discrimination to Humana's ethics hotline. (*Id.* at ¶52.) Peacock alleges that she was terminated on or about October 20, 2014, when she was eight months pregnant. (*Id.* at ¶¶53, 55.) She claims that she was notified of her termination by phone; Jordan, Shoulders, a human resources representative, and Peacock were on the call. (*Id.* at ¶56.) Peacock alleges that when she attempted to ask

questions regarding the basis for her termination, the other participants in the telephone call told her to be quiet and refused to offer explanations. (*Id.* at ¶62.) She further alleges that she appealed her termination through Humana's internal procedures; her appeal was denied in May 2015. (*Id.* at ¶54.) She claims that the written notice of termination that she received purported to inform her that the basis for her termination was alleged performance failures and misrepresentations regarding overtime hours. (*Id.* at ¶63.) Peacock disputes Humana's alleged statements that she had been warned and coached regarding her alleged shortcomings. (*Id.* at ¶¶66-67.) She alleges that new performance expectations stemming from processing Humana One claims for the first time may have had an impact on her performance and at least once required her to put in overtime hours. (*See generally id.* at ¶¶73-75, 79.)

Peacock alleges that her termination caused her to lose various benefits that would have been available to her during maternity leave and that as a result, she was required to seek unemployment benefits. (*Id.* at ¶83.) She alleges that "Humana's actions were a blatant attempt at manufacturing cause for [her] termination so that [Humana] would not be obligated to pay and/or to provide her any benefits she was entitled to because of her pregnancy." (*Id.* at ¶84.)

### 3. Motion to Sever Claims

Humana now seeks to sever DeJesus's claims from those asserted by Peacock on the basis that their claims do not satisfy the joinder requirements of Rule 20(a) of the Federal Rules of Civil Procedure. In short, Humana argues that Plaintiffs' claims should be severed into two distinct causes of action because they do not arise out of the same transaction or occurrence and because they do not involve a common question of law or fact. (*See generally* DN 8.) It further argues that the Court should sever Plaintiffs' claims pursuant to its broad discretion under Rule

21 because to do so would serve the interests of fairness and judicial economy and would avoid juror confusion.  (*Id.* at 8-9.)

### 4.  Plaintiffs' Response

In response, Plaintiffs argue that they have been properly joined in this action under Rule 20(a) because (i) their claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and (ii) common questions of law or fact exist.  They contend that they were both eight-year Humana employees who were terminated during or shortly after pregnancy.  (*See* DN 12 at 2 ("Plaintiffs were employed by Humana during a significant overlapping period, had the same manager and supervisor, had the same job title, and worked in the same department.  Both Plaintiffs' claims arise due to their common condition, pregnancy, and their common employer, Humana.").)   Plaintiffs argue that Rule 20 is intended to be interpreted broadly in order to promote judicial economy and convenience for purposes of trial.

### 5.  Humana's Reply

In its reply (DN 13), Humana maintains that Plaintiffs' claims do not arise out of the same transaction or occurrence.  It argues that Plaintiffs ignore facts that are unfavorable to them, including the fact that the alleged discriminatory actions occurred during distinct time periods.  It further argues that Plaintiffs place inordinate weight on a nonbinding decision of the Middle District of Tennessee, *Lee v. Dell Prods.*, 2006 U.S. Dist. LEXIS 75573, (M.D. Tenn. 2006), but that even if the *Lee* case were binding on this Court, it nonetheless weighs in Humana's favor.

**Discussion**

**1. Legal Standard**

Pursuant to Rule 20 of the Federal Rules of Civil Procedure, "[p]ersons may join in one action as plaintiffs if" they satisfy two criteria: "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B). "The purpose of Rule 20(a) is to promote judicial economy and trial convenience." *Eaves-Leanos v. Assurant, Inc.*, 2008 U.S. Dist. LEXIS 1384, *5 (W.D. Ky. Jan. 7, 2008) (citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (cited with approval by *Crutcher v. Kentucky*, 1992 U.S. App. LEXIS 11374 (6th Cir. 1992))). "It is governed by the principle to allow 'the broadest possible scope of action consistent with fairness to the parties.'" *Id.* (quoting *Mosley*, 497 F.2d at 1332) (additional citation omitted); *see Crutcher*, 1992 U.S. App. LEXIS 11374 at *8-9 ("Under the Federal Rules of Civil Procedure . . . joinder of claims, parties, and remedies is strongly encouraged because the impulse of the Rules is toward entertaining the broadest possible scope of action consistent with fairness to the parties.") (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966)). "Nonetheless, a district court has discretion under Rules 20 and 21 to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Harper v. Pilot Travel Ctrs., LLC*, 2012 U.S. Dist. LEXIS 15030, *9 (S.D. Ohio Feb. 7, 2012) (citations omitted).

The motion to sever also implicates Rule 21 of the Federal Rules of Civil Procedure. "After a suit has already been commenced, an amendment changing, adding, or dropping parties

requires leave of Court under Fed. R. Civ. P. 21." *Allen v. City of Louisville*, 2007 U.S. Dist. LEXIS 86735, *12 (W.D. Ky. Nov. 21, 2007). Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "The court may also sever any claim against a party." *Id.*

### 2. Application

As is discussed above, Humana argues that Plaintiffs' claims should be severed and proceed as separate actions because they fail to satisfy either prong of Rule 20. It further argues that permitting Plaintiffs' claims to proceed in one action would undermine the policies supporting Rule 20. The Court addresses each of Humana's arguments below.

### a. Same Transaction or Occurrence

Humana argues that Plaintiffs fail to satisfy Rule 20(a)'s first requirement for permissive joinder of plaintiffs – that their claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences[.]" Fed. R. Civ. P. 20(a)(1)(A). Humana contends that Plaintiffs' claims are too distinct to amount to the same transaction or occurrence, and that any factual similarities in their allegations are insufficient. (*See* DN 8-1 at 4 ("Mere factual similarity between claims is not enough to show that claims arise from the same transaction or occurrence.") (quoting *Burgos v. Bob Evans Farms, Inc.*, 2011 U.S. Dist. LEXIS 111168, *2 (E.D. Ky. 2011)) (internal citations omitted).) By contrast, Plaintiffs argue that their claims fit within the liberal scope of the "transaction or occurrence" requirement as delineated by the Sixth Circuit and other courts. They argue that the Court should engage in a fact-intensive analysis because the question is case-specific.

Humana filed the motion to sever on January 28, 2016, less than two months after this

case was removed to this Court and before the Court had conducted a scheduling conference or

established any case management deadlines.  "Without discovery having been conducted to this

point [– at least to the Court's knowledge –] the Court at this stage is limited to the allegations in

Plaintiffs' Complaint in determining whether the Plaintiffs have properly joined their claims in

one action."  *Harper*, 2012 U.S. Dist. LEXIS 15030 at *10 (citing *Lee*, 2006 U.S. Dist. LEXIS

75573 at *19, *23); *see id.* (concluding that the complaint "alleges enough commonality among

their claims to permit their joinder for the time being").  The following language from the

Southern District of Ohio in *Harper* is instructive:

> While Defendant hones in on the differences between the
> Plaintiffs' individual claims, *the presence of some material
> differences between their allegations does not automatically
> foreclose their claims from being deemed to arise from the same
> "transaction or occurrence" for purposes of permissive joinder*.
> *See Montgomery v. STG Intl., Inc.*, 532 F. Supp. 2d 29, 36 (D.D.C.
> 2008).  In the employment discrimination context, courts have
> found joinder proper where there has been a systematic pattern or
> practice, *or when the plaintiffs have been aggrieved by a common
> actor.  See id.* at 35-36; *see also Lee*, 2006 U.S. Dist. LEXIS
> 75573 at *26-27 [other citations omitted].  Plaintiff's Complaint
> here alleges the sort of discriminatory pattern and common actor
> that would make it inappropriate to sever their claims at this early
> stage of the case.

*Harper*, 2012 U.S. Dist. LEXIS 15030 at *10-11 (emphasis added).

In *Harper*, five plaintiffs raised claims of age discrimination and harassment under the

Age Discrimination and Employment Act.  Despite the plaintiffs having different managers,

working at different locations, not reporting directly to the individual who they contended was

the primary perpetrator of the discrimination and harassment, and having other individualized

elements to their claims, the court found that "there [was] enough overlap in the factual

averments to characterize Plaintiffs' claims as arising from the 'same transaction or occurrence' within the meaning of Rule 20(a)(1)(A)." *Id.* at \*12.  Specifically, their allegations indicated an underlying pattern or practice of age discrimination perpetrated by a particular individual over the same time period and that four out of the five plaintiffs previously enjoyed good working relationships with their supervisors and/or favorable performance reviews. *Id.* at \*11-12.

Humana argues that Plaintiffs rely too heavily on another case, *Lee v. Dell*, a 2006 case from the Middle District of Tennessee.  Humana contends that Plaintiffs improperly depict that case as establishing a test with an exhaustive list of factors for courts to consider regarding the "same transaction or occurrence" test.  (DN 13 at 2 ("Though Plaintiffs devote the majority of their *Response* to the *Lee* case, these factors are a permissive, non-exhaustive list, as demonstrated by the court's language[.]").)   Humana further argues that Plaintiffs "overgeneralize their allegations in order to fit them together into the *Lee* factors, when the claims are actually much more specific and individual to each Plaintiff."  (*Id.*)   The Court disagrees as to both points.  Plaintiffs acknowledge that the *Lee* court simply enunciated a number of factors that courts may look to when considering the "same transaction or occurrence" issue.  (*See* DN 12 at 4 ("When evaluating the 'transaction or occurrence' requirement, courts have considered such factors as . . . .").)  In fact, Plaintiffs urge the Court to consider this issue on a fact-specific, case-by-case basis.  The Court views Plaintiffs' discussion of *Lee* as an appropriate use of another case to both draw factual analogies and lay out an argumentative structure.  Moreover, the Court finds *Lee* helpful, in that it distinguishes between proper joinder of eight plaintiffs, all of whom were African-Americans who alleged race discrimination and harassment at two Tennessee plants and were subject to a single set of employment policies,

practices, and procedures and covered by the same human resources department, and two other plaintiffs whose claims it severed. *Lee*, 2006 U.S. Dist. LEXIS 75573. The claims asserted by the other two plaintiffs were easily distinguishable, as one, an African-American man, contended that he was terminated for accidentally touching a female employee with his arm and for purportedly using a curse word in reference to his female supervisor, and the other, a Palestinian-American man, was allegedly terminated for excessive internet use. *Id.* at \*24-25.

In this case, both Plaintiffs state claims of sex/pregnancy discrimination; indeed, the existence of their pregnancies underlies all of their other claims. It is true, as Humana argues, that DeJesus also asserts claims of disability discrimination, violations of the FMLA, and retaliation for seeking FMLA leave, and Peacock asserts a claim of intentional infliction of emotional distress. These distinctions do not necessitate severance of their claims. The complaint (DN 1-1) is replete with similarities as to the allegations that underlie Plaintiffs' claims. At a minimum, both women allege that they held the position of claims specialist; that they had the same supervisor, Jordan; that the alleged discrimination occurred in the same time period of roughly mid-2014 to early 2015; and that Humana used their purported failure to meet performance expectations in relation to Human One claims as a pretext for termination. (See generally DN 1-1.)

Relatedly, Humana argues that DeJesus provides significantly more detailed allegations than does Peacock, and that the disparity in the level of detail weighs in favor of severance. (*See, e.g.*, DN 8-1 at 9 (". . . the facts behind Peacock's two claims are far sparser than the facts behind DeJesus's myriad[2] of state and federal claims.").) The Court finds this puzzling. The

---

[2]     In both its motion to sever and its reply, Humana describes DeJesus as asserting "myriad" claims in comparison to Peacock. This is puzzling. "Myriad" means "a very large number of things." *Myriad Definition*,

portion of the complaint designated as the "Factual Background of Plaintiff Joan DeJesus" spans 39 paragraphs and approximately five pages. (DN 1-1 at 2-7.) The portion of the complaint designated as the "Factual Background of Plaintiff Ericka Peacock" spans 40 paragraphs and approximately five pages. (DN 1-1 at 7-12.) The Court is at a loss as to how Humana views this presentation of each Plaintiff's allegations as lopsided with respect to the level of detailed facts alleged. As may be inferred the length of the instant discussion, Humana's motion raises some compelling points; however, any purported difference in the number or depth of allegations by each Plaintiff is a non-starter.

Finally, Humana argues strenuously that this case is analogous to the Eastern District of Kentucky's decision in *Burgos v. Bob Evans*. The Court disagrees. In *Burgos*, the court found that while all three plaintiffs alleged that they were discriminated against on the basis of their ethnicity while patronizing the same Bob Evans restaurant, their allegations were not similar enough to satisfy the "same transaction or occurrence" requirement. Specifically, one plaintiff did not interact with any employees, and left after she was not seated for some ten minutes. *Burgos*, 2011 U.S. Dist. LEXIS 111168 at *2. The other two plaintiffs visited the restaurant months after the other, were seated for over 25 minutes without being served, and complained to the manager. *Id.* Irrespective of Humana's view that "the lack of analysis of *Burgos* on Plaintiffs' behalf serves as a glaring concession of how similar the cases are," the Court concludes that *Burgos* is quite *dissimilar* to the allegations made by Plaintiffs in this case. (DN 13 at 5.) The connections between Plaintiffs' allegations in this case are significantly stronger and more numerous than those of the plaintiffs in *Burgos*.

---

MERRIAM-WEBSTER.COM, http://www.merriam-webster.com/dictionary/myriad (last visited June 29, 2016). The total number of claims asserted in this case is five, of which one is asserted by both Plaintiffs, three by DeJesus alone, and one by Peacock alone. (*See generally* DN 1-1.)

Based on the foregoing, the Court concludes that Plaintiffs have satisfied the first prong of Rule 20(a).  The Court finds that Plaintiffs' allegations arise out of the same transaction, occurrence, or series of transactions or occurrences.

       b.   Common Question of Law or Fact

The next question is whether any question or law or fact common to all plaintiffs will arise in this action.  Fed. R. Civ. P. 20(a)(1)(B).  Rule 20(a) "does not require that all questions of law and fact raised by the dispute be common." *Lee*, 2006 U.S. Dist. LEXIS 75573 at *29 (citing *Mosley*, 497 F.2d at 1334).  "Yet, neither does it establish any qualitative or quantitative test of commonality." *Id.* (citing *Mosley*, 497 F.2d at 1334).  Humana argues that Plaintiffs fail to establish the existence of a common question of law or fact.  It contends that "each Plaintiff alleges separate causes of action based on each of her individual and particularized facts." (DN 8-1 at 7.)  Humana argues that while both DeJesus and Peacock allege sex and pregnancy discrimination, those claims are based on "wholly different and unique experiences during separate times of employment." (*Id.* at 8.)

Plaintiffs argue that the "common question" requirement is "easily satisfied" in this case. (DN 12 at 10.)  Specifically, they argue that their claims "undoubtedly" raise at least one common question of law: whether Humana engaged in discrimination on the basis of sex and pregnancy in violation of KRS 344.040. (*Id.* at 11.)  They further argue that the complaint raises common questions of fact, such as whether they were adequately trained to meet performance standards and whether they were prevented from accessing accrued benefits due to their pregnancies. (*Id.* at 11 (citing DN 1-1 at 13).)

The Court finds that Plaintiffs have alleged the existence of common questions of law and fact such that they satisfy the requirement of Rule 20(a)(1)(B).  As is discussed above, Plaintiffs' allegations in the complaint establish that at a minimum, one common question of law exists: whether Humana discriminated against them on the basis of their sex/pregnancies.  They further establish common questions of fact in relation to the training and communication they received from Humana as to performance expectations, particularly in reference to Humana One claims.  Moreover, both plaintiffs allege that Jordan was their supervisor, and both allege that they made certain reports to Humana regarding the way they were treated and did not receive adequate response to their reports.  *See, e.g.*, *Lee*, 2006 U.S. Dist. LEXIS 75573 at *29-30 (finding that common questions of law exist based on plaintiffs' allegations of race discrimination and that common questions of fact exist based on plaintiffs' allegations that defendant failed to promote and/or train, harassed, and ignored reports of discrimination by plaintiffs).

Based on the foregoing, the Court finds that the second requirement for permissive joinder under Rule 20(a) is met, as Plaintiffs have established the existence of common questions of law and fact.

c.  Policy Concerns

Finally, Humana argues that the policy concerns underlying Rule 20 weigh in favor of severing Plaintiffs' claims.  Rule 20(a) "is intended to promote efficiency because all interested parties may be joined in a single proceeding, thereby encouraging a comprehensive resolution of the dispute." *Adams v. 3M*, 2005 U.S. Dist. LEXIS 27404, *10 (E.D. Ky. Jan. 27, 2006); *see id.* ("[B]ecause all interested parties are bound by a single judgment, inconsistent outcomes are

avoided."). "[C]ourts evaluate joinder and severance on a case-by-case basis, taking into account such considerations as efficiency, convenience, consistency, and fundamental fairness." *Id.* at *11 (citing *Insolia v. Philip Morris, Inc.*, 186 F.R.D. 547, 549 (W.D. Wis. 1999)).

Humana contends that permitting Plaintiffs' claims to proceed in one action would confuse the jury, create a risk of prejudice to Humana, and would not promote trial convenience or expedite adjudication of existing claims. (DN 8-1 at 8-9.) Plaintiffs argue in response that allowing their claims to proceed in the same action will promote judicial economy and convenience for the Court and the parties. (DN 12 at 12.) They emphasize their common allegations of sex discrimination, overlapping time periods, and various conditions of employment. (*Id.*) Further, they argue that because the parties have not engaged in discovery, to sever their claims at this time would give undue weight to Humana's version of the case. (*Id.*)

The Court disagrees with Humana that the policy concerns associated with Rule 20(a) suggest that severance is warranted at this juncture. Because of the common questions of law and fact at issue in this case, the Court finds that the interests of judicial economy, convenience for the parties, and expediency all weigh in favor of permitting Plaintiffs' claims to proceed in one action. The Court is sensitive to Humana's argument that juror confusion could result from the fact that Plaintiffs' claims involve at least some different factual allegations and distinct areas of the law. However, as is discussed above, permissive joinder under Rule 20(a) does not require complete uniformity as to the questions of fact and law presented.

Moreover, as Plaintiffs note, this case remains at an early stage. Without the benefit of discovery or dispositive motions to further sharpen the focus of this case, the Court cannot conclude that there is, at present, a risk of prejudice to Humana or of juror confusion. *See Lee*,

14

2006 U.S. Dist. LEXIS 75573, *30-31 (concluding that "considerations of convenience, economy and expedition persuade the Court that joinder is appropriate" for eight of ten plaintiffs, and that "consolidation . . . for purposes of discovery and pre-trial motions would not at this juncture be unfair or prejudice either party."). Humana urges the Court to follow the approach of the Eastern District of Kentucky in *Burgos* and find that there is a risk of prejudice to it if the cases are not severed. *See Burgos*, 2011 U.S. Dist. LEXIS 111168 at *4 (reasoning that the "very different circumstances" alleged may confuse the jury and prejudice defendant, and any efficiency gained by consolidation would not outweigh those concerns). As is discussed above, the plaintiffs' claims in *Burgos* had only the slightest factual similarities, and one plaintiff's claims were much less developed in the complaint than were the other two plaintiffs' claims. In this case, the claims asserted by DeJesus and Peacock are far more related in terms of factual allegations and a shared statutory claim. The concerns in *Burgos* regarding prejudice and juror confusion simply are not present in this case, at least at this juncture.

In short, the policies underlying Rule 20 weigh in favor of permitting both Plaintiffs' claims to remain in this action and to deny the motion to sever. The Court will exercise its "significant discretion" pursuant to Rules 20 and 21 and allow Plaintiffs' claims to proceed without severance. *Adams*, 2005 U.S. Dist. LEXIS 27404 at *11 ("The trial judge has significant discretion in determining whether to join or sever claims.") (citation omitted).

Accordingly, IT IS HEREBY ORDERED that Humana's motion to sever claims (DN 8) is **DENIED**.

IT IS FURTHER ORDERED that, as several existing deadlines in this case expired during the pendency of the motion to sever or will soon expire (*see* DN 11), **no later than July 25, 2016**, the parties shall FILE A JOINT PROPOSED AMENDED SCHEDULING ORDER.

Finally, IT IS ORDERED that the undersigned Magistrate Judge will conduct a TELEPHONIC STATUS CONFERENCE in this case on **July 28, 2016 at 11:00 a.m.**  The Court will initiate the call.  **No later than July 26, 2016**, counsel who will participate in the conference shall email Case Manager Theresa Burch at theresa_burch@kywd.uscourts.gov to provide a telephone number at which they can be reached.

cc:  Counsel of record

16